**UNITED STATES of America, Appellee,**

v.

**Christiana Obliglia OZIM and Gladys Nwaubuka Ozim, Appellants.**

No. 85–5117.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 5, 1985.

Decided Dec. 26, 1985.

John D. Drury (Allan M. Palmer, Washington, D.C., on brief), for appellants.

Lawrence J. Leiser, Asst. U.S. Atty. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., Warren Martin, Third Year Law Student on brief), for appellee.

Before WINTER, Chief Judge, WIDENER, Circuit Judge, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

Christiana Ozim and Gladys Ozim appeal their convictions for transporting or attempting to transport United States currency in excess of $10,000 out of the country without reporting the amount and ownership of the currency to the government, in violation of 31 U.S.C. § 5316, and for conspiracy to transport the currency without

filing a report, in violation of 18 U.S.C. § 371. We affirm the judgments of the district court.

On January 2, 1985, Christiana and Gladys Ozim went together to Dulles International Airport and purchased two round-trip tickets to London on a flight scheduled to leave that evening and to return two days later. The sisters secured boarding passes and adjoining seat assignments. Gladys Ozim took her carry-on luggage through the security checkpoint and seated herself in the secured departure area. About one hour and forty-five minutes before the scheduled departure, Christiana Ozim also attempted to pass through the security checkpoint. She was stopped when the x-ray equipment revealed in her luggage a bundle containing $200,000 in small bills. Upon being asked for her ticket, she stated that it was inside the secured area. Accompanying her to the designated place, an FAA agent found Gladys Ozim sitting with her luggage. The sisters initially denied knowing each other, and Gladys Ozim denied owning the luggage. She eventually claimed the bag, which contained $30,000. Neither sister attempted to report the currency, and Christiana Ozim specifically refused to do so when a customs inspector gave her the requisite forms, told her that she was required to fill them out, and told her that if she did so she would be free to leave the country.

The central issues on this appeal are (1) whether the convictions were supported by sufficient evidence that the Ozims had knowledge of the reporting requirement and had the specific intent to violate it, and (2) whether the reporting duty had yet arisen by the time of their arrest.

■ The district court found that the defendants had knowledge of the reporting requirement and the specific intent to violate it. The court found that both sisters had made many trips into and out of the country and had become familiar with customs forms describing the requirement to report currency in excess of $10,000. Moreover, Christiana Ozim had oral notice of the requirement. The court's findings on the elements of knowledge and specific intent are not clearly erroneous.

■ Appellants also argue that they cannot be convicted of failing to report the currency because the time for reporting had not yet arrived. Under 31 U.S.C. § 5316(b) the report "shall be filed at the time and place the Secretary of the Treasury prescribes." The Secretary has specified that the report be filed "at the time of departure." 31 C.F.R. § 103.25(b) (1983). The 1984 amendment to the reporting statute, which added attempt liability to the substantive offense, did not affect the requirement to report at or before the time of departure. New regulations promulgated on July 1, 1985, continued to require that the filing be made by the "time of departure." 31 C.F.R. § 103.25(b) (1985). We agree with the district court that the time of departure had been reached in this case. Defendants had their tickets, boarding passes, and seat assignments, and they had carried or attempted to carry the currency into the secured departure area. The plane's scheduled departure was less than two hours away. Defendants were "reasonably close, both spatially and temporally, to the physical point of departure itself, and manifest[ed] a definite commitment to leave." *United States v. $831,160.45 United States Currency*, 607 F.Supp. 1407, 1413 (N.D.Cal.1985). *See also United States v. Cutaia*, 511 F.Supp. 619, 625 (E.D.N.Y.1981).

Finding no merit in the appellants' contentions, we affirm the judgments of the district court.

AFFIRMED.